UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 5, 2018

LETTER TO COUNSEL

   RE: *Cordish Power Plant Number Two, LLC v. Charles T. Chiang et al.*,
      Civil No. CCB-18-3389

Dear Counsel:

  Presently pending is Plaintiff Cordish Power Plant Number Two, LLC's ("Plaintiff") Complaint and Request for Entry of Judgment by Confession filed against Defendants Charles T. Chiang and Christiana S. Chiang ("Defendants"). [ECF 1]. In addition to a principal amount of $149,426.55 owed under a Confessed Judgment Promissory Note ("the Note"), Plaintiff seeks an award of attorneys' fees in the amount of $1,269.14, court filing fees in the amount of $400.00, and $1,228.20 in interest for the Defendants' failure to make timely payments under the Note. *Id.* ¶ 19.[1]

  In support of this request, Plaintiff has attached the Affidavit of Amanda Amos ("Ms. Amos"), an authorized representative for the Plaintiff. [ECF 1-3]. Ms. Amos states that the Defendants have failed to make payments under the Note, which was executed in connection with a Settlement Agreement and Release of Claims made by Plaintiff against Defendants in *Cordish Power Plant Number Two, LLC v. Charles T. Chiang et al.*, Case No. 18-cv-00574-CCB (D. Md.). *Id.* ¶¶ 3-12. I have reviewed the Motion and the supporting Affidavit, and find that I cannot make a determination as to damages, based upon the evidence submitted. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (except where amount of damages is certain, court must make independent determination of damages in reviewing motion for default judgment and may rely on detailed affidavits or documentary evidence to determine appropriate sum).

  The Court requires several critical pieces of information in order to determine damages. First, the Plaintiff should amend its pleadings to clarify the amounts sought. Ms. Amos lists the amounts due and owing under the Note as follows: a principal balance of $149,426.55, interest in the amount of $1,269.14, attorneys' fees in the amount of $1,500.00, and court filing fees in the amount of $400.00. *Id.* ¶ 13. However, the amounts Ms. Amos listed for the interest, $1,269.14,

---

[1] These amounts are derived from the Complaint, but, as will be discussed, the amounts are not consistent with the amounts found in the Affidavit of Amanda Amos. *Compare* ECF 1 ¶ 19, *with* ECF 1-3 ¶ 13.

and for the attorneys' fees, $1,500.00, are different from the amounts sought in the Complaint, which are $1,228.20 in interest, and $1,269.14 in attorneys' fees.  *Compare* ECF 1 ¶ 19, *with* ECF 1-3 ¶ 13.  Plaintiff should amend its filings to make these amounts consistent.

Second, Plaintiff's request for attorneys' fees, whether in the amount of $1,500.00 or $1,269.14, does not comply with Appendix B to this Court's Local Rules.  *See* Local Rule App. B.  The Complaint and Ms. Amos's affidavit state the discrepant amounts of attorneys' fees, but do not provide the hours expended on the matter, the hourly rate, or any description of the work performed.  *See* [ECF 1, 1-3].  Appendix B sets forth, in great detail, the guidelines for determining attorneys' fees in cases where the prevailing party is entitled to an award of fees by law or contract.  *See* Local Rule App. B n.1.  Counsel should reference these rules and provide a description of all work performed, broken down by the time spent performing each task.  *See e.g.*, *Trs. of the Operating Eng'rs Trust Fund v. Dominion Caisson Corp.*, Civil No. DKC-10-0227, 2010 WL 1713999, at *3-4 (D. Md. Apr. 27, 2010) (contrasting inadequate affidavits submitted in support of motion for default judgment in ERISA action with "sufficient affidavit" submitted in a different case); *Hartford Fin. Servs. Grp., Inc. v. Carl J. Meil, Jr., Inc.*, Civil No. WDQ-10-2720, 2011 WL 1743177, at *7-8 (D. Md. May 5, 2011) (finding one-page affidavit submitted in support of motion for default judgment that did not attach records or explain figures provided insufficient to support award of damages).  Plaintiff is permitted to submit its counsel's billing records for the matter, if the records comply with the specificity required by this Court's Local Rules.

Accordingly, Plaintiff will have until **Tuesday, November 13, 2018**, to submit supplemental evidentiary support for its Complaint and Request for Entry of Judgment by Confession, and to amend its pleadings as required.  Plaintiff shall serve Defendants with a copy of the supplemental briefing, and shall file a proof of service with the Court.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge