**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| CORDISH POWER PLANT NUMBER TWO, LLC | * |
| Plaintiff, | * |
| v. | * Case No.: CCB-18-03389 |
| CHARLES T. CHIANG, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On November 2, 2018, in accordance with 28 U.S.C § 636 and Local Rule 301.6(ak), United States District Judge Catherine C. Blake referred this case to me to review Plaintiff's Complaint and Request for Entry of Judgment by Confession. (ECF 4). This Memorandum Opinion addresses the Amended Complaint ("Complaint") (ECF 6) that Plaintiff, Cordish Power Plant Number Two, LLC ("Cordish"), filed against Defendants Charles T. Chiang and Christiana S. Chiang (collectively "Defendants").[1] For the reasons stated below, I direct that the Clerk of the Court enter judgment by confession against Defendants.

According to Local Rule 108.1 ("Judgment by Confession"):

> A complaint requesting the entry of judgment by confession shall be filed by the plaintiff accompanied by the written instrument authorizing the confession of judgment and entitling the plaintiff to a claim for liquidated damages and supported by an affidavit made by the plaintiff or someone on that party's behalf stating the specific circumstances of the defendant's execution of said instrument and including, where known, the age and education of the defendant, and further including the amount due thereunder, and the post office address (including street address if needed to effect mail delivery) of the defendant.

---

[1] After reviewing the original Complaint (ECF 1), I issued a letter order regarding discrepant information (ECF 5). The Amended Complaint followed. (ECF 6).

Loc. R. 108.1(a) (D. Md. 2016). The Local Rule provides that:

> the Court may direct the entry of judgment upon a finding that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b) (D. Md. 2016).

In this case, Cordish attached to its Complaint a Confessed Judgment Promissory Note (the "Note") (ECF 6-3), by which Defendants agreed to pay the principal sum of $156,352.62 to Cordish. The Note is signed by Charles T. Chiang and Christiana S. Chiang. *Id.* The Note defines "Default" as an event in which "Borrowers fail to pay when due all amounts payable under the terms of this Note." *Id.* ¶ 3. If default occurs, then at Cordish's option, "the entire Principal Sum then due and owing, together with all accrued but unpaid interest thereon and all other amounts payable by Borrowers to Lender under the terms of this Note, shall immediately become due and payable without notice to Borrowers or any other person[.]" *Id.* The Note also contains a "Confession of Judgment" provision, which states in all capital letters that Defendants:

> hereby authorize and empower any attorney designated by Lender to appear for Borrowers in any court of record in any one or more proceedings or before any clerk thereof and confess judgment against Borrowers, without prior notice or opportunity of Borrowers for prior hearing, in favor of the holder of this promissory note for and in the amount of the unpaid balance of the principal sum of the note with interest accrued thereon, plus reasonable attorneys' fees, expenses and all costs of collection.

*Id.* ¶ 5.

With its Complaint, Cordish attached the affidavit of its representative, Amanda Amos. (ECF 6-4). Ms. Amos explains that the parties executed the Note in connection with a Settlement Agreement and Release resolving a prior legal action. *Id.* ¶¶ 4, 5. According to Ms. Amos, Defendants made timely payments under the Note for the months of June through August, 2018, but failed to make payments due on September 1, 2018 and October 1, 2018. *Id.* ¶¶ 10-12. Ms. Amos declared that the amounts due and owing under the Note, as of November 8, 2018, were: (1) a principal balance of $149,426.55; (2) interest of $1,412.43; (3) attorneys' fees of $1,725.00; and (4) a court filing fee of $400.00. *Id.* ¶ 13. Cordish also submitted the affidavit of Todd M. Reinecker, Esq., providing time records and hourly billing rates to support the request for $1725.00 in attorneys' fees. (ECF 6-5).

After a careful review of the Complaint and the exhibits, I am satisfied that the Note constitutes a "written instrument[s] authoriz[ing] the confessed judgment and entitl[ing] Plaintiff to a claim for liquidated damages." *See* Loc. R. 108.1(a). The affidavit from Ms. Amos details the method of calculation of the requested confessed judgment, and provides the post office address for the defendants. (ECF 6-4 ¶¶ 13-15). Ms. Amos's affidavit does not contain "the age and education of the defendant[s]," as contemplated by Loc. R. 108.1(a). However, Ms. Amos's affidavit attached the Settlement Agreement and Release from the prior litigation, which formed the basis for execution of the Note. (ECF 6-4, Exh. A). Within that Settlement Agreement and Release, Defendants acknowledged that they had "obtained the advice of experienced legal counsel of [their] own choosing in connection with the negotiation and execution of this Agreement." *Id.* ¶ 7. Because Cordish provided evidence establishing that Defendants signed the Note with advice of an attorney, the failure to specify the Defendants' age and education is

3

immaterial, because I am able to assess the voluntary, knowing, and intelligent nature of the waiver.[2] I thus find that Cordish has complied with the requirements of Local Rule 108.1(a).

In addition, I conclude that the documents attached to the Complaint "prima facie establish...a voluntary, knowing, and intelligent waiver by the defendant[s] of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages." *See* Loc. R. 108.1(b). I further find that Cordish has submitted documents establishing a "meritorious claim...for liquidated damages against" Defendants. *See id.* As noted above, Ms. Amos's affidavit establishes that, as of November 8, 2018, Defendants owed a total amount of $152,963.98 in principal, interest, and costs, plus attorneys' fees as addressed below. (ECF 6-4 ¶ 13).

Additionally, Mr. Reinecker's affidavit sets forth the basis for attorneys' fees, totaling $1,725.00. (ECF 6-5). Two attorneys billed time on this matter: Mr. Reinecker, who has been admitted to practice law for sixteen years, and Michael Brown, Esq., an associate who has been admitted to practice law for three years. *Id.* ¶¶ 6, 8. As to the reasonableness of the requested fees, Mr. Reinecker requests a (reduced) hourly rate of $250.00, rather than his standard hourly rate of $415.00. *Id.* ¶ 6. Mr. Brown also requests a reduced hourly rate of $250.00, instead of his standard hourly rate of $275.00. *Id.* ¶ 8. Appendix B to this Court's Local Rules provides that an attorney with Mr. Brown's experience should bill between $150-225 per hour, and an attorney of Mr. Reinecker's experience should bill between $275-425 per hour. Loc. R. App'x B 3(a),(d) (D. Md. 2016). Thus, Mr. Brown's rate is slightly high, and Mr. Reinecker's rate is slightly low. Because the two attorneys billed roughly equal amounts of hours, in total, the rates billed are reasonable. In addition, the total of 6.9 hours billed to the matter is reasonable for the

---

[2] The Local Rule specifies that a defendant's age and education should be included "where known." Loc. R. 108.1(a).

work performed. I will therefore award the requested attorneys' fees in the amount of $1,725.00.

In summary, I find that Cordish's Complaint and the exhibits incorporated therein prima facie establish that Defendants voluntarily, knowingly, and intelligently waived the right to notice and a prejudgment hearing on the merits of Cordish's claim for liquidated damages, and that Cordish has presented a meritorious claim for liquidated damages in the amount of $152,963.98 against Defendants.

Therefore, I direct the Clerk to enter the confessed judgment against Charles T. Chiang and Christiana S. Chiang in the amount of $152,963.98, which includes the outstanding principal of $149,426.55, accrued and unpaid interest (as of November 8, 2018) of $1,412.43, attorneys' fees in the amount of $1,725.00, and costs in the amount of $400.00, plus interest to accrue at a *per diem* rate of $20.47 after November 8, 2018.

I further direct the Clerk to ensure that notice of this entry is provided to:

> Charles T. Chiang
> 632 Live Oak Drive
> McLean, Virginia 22101
>
> and
>
> Christiana S. Chiang
> 623 Live Oak Drive
> McLean, Virginia 22101

An implementing Order will follow.


Dated: November 15, 2018        /s/
                                Stephanie A. Gallagher
                                United States Magistrate Judge